IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANA GONCALVES,

     Plaintiff,

v.                          CASE NO. 2:24-cv-712-JLB-NPM

CHARTER SCHOOLS USA,
INC.,

     Defendant.

---

## FIRST AMENDED COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND JURY TRIAL

ANA GONCALVES (hereinafter referred to as "Plaintiff" or "Goncalves"), by and through the undersigned counsel, sues Defendant, CHARTER SCHOOLS USA, INC. (hereinafter "Charter Schools USA"), and alleges and states as follows:

### JURISDICTION

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(4), because this is a civil action arising under Title VII, 29 U.S.C. § 621 and the Americans with Disabilities Act 42 U.S.C. § 12101. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

## VENUE

2.     Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this district, the Plaintiff would have continued her employment with Defendant in this district but for the alleged unlawful employment practice, and because the employment records relevant to unlawful employment practice committed by Defendant are maintained and administered in this district. Further, venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant may be found in this district and a substantial portion of events giving rise to this action occurred in this district.

## CONDITIONS PRECEDENT

3.     Plaintiff timely filed a Complaint of sexual harassment, disability discrimination, and retaliation with the Equal Employment Opportunity Commission (hereinafter "EEOC") against CHARTER SCHOOLS USA, INC.

4.     On or about May 10, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. The initial complaint was filed within ninety (90) days of receipt of such notice.

5.     Plaintiff has fully complied with all prerequisites to jurisdiction in this court under Title VII, the Americans with Disabilities Act, and the Florida Civil Rights Act.

**PARTIES**

6.      Plaintiff resides in Lee County, Florida and is a citizen of the United States.

7.      Plaintiff was an "employee" of Defendant within the meaning of Title VII and the Americans with Disabilities Act (hereinafter "ADA").

8.      Plaintiff was a member of a protected class under Title VII, the ADA, and the Florida Civil Rights Act.

9.      Defendant, Charter Schools USA, Inc. is a foreign profit corporation, authorized to perform business in the State of Florida.

10.     Defendant is an "employer" within the meaning of Title VII, the Americans with Disabilities Act (hereinafter "ADA"), and the Florida Civil Rights Act.

11.     At all times relevant hereto, Defendant has employed fifteen (15) or more employees.

**FACTS**

12.     Plaintiff worked for Defendant in Fort Myers, Florida from, approximately, September 2021 to April 2022.

13.     The school where Plaintiff worked is owned and operated by Defendant.

14.     Initially, Plaintiff was hired as a substitute teacher.

15.    However, after just one week of employment, Plaintiff was asked to take on a permanent role as an instructional aid.

16.    Due to Plaintiff's exceptional work and dedication to the students she received two raises within a short period time.

17.    As an instructional aide, Plaintiff was required to attend meetings every Thursday with other teachers and to participate in after-school clubs or sports activities.

18.    During these meetings, Plaintiff frequently had to sit near a certain male teacher (hereinafter "Teacher").

19.    At all times material to this action, Teacher was an employee and/or agent of Defendant.

20.    Within a few months of working with him, Plaintiff observed Teacher's direct uncomfortable behavior and comments to other employees.

21.    On one such occasion, Plaintiff overheard him say to another teacher, "your butt looks good in those pants".

22.    Eventually, Teacher began directing inappropriate, sexually suggestive comments towards Plaintiff.

23.    Plaintiff had to endure such inappropriate, sexually aggressive comments from Teacher on a regular basis.

24.     As a result of Teacher's conduct, Plaintiff felt uncomfortable and anxious.

25.     On or around March 2022, Plaintiff requested to speak to the Principal and human resources.

26.     In response, a meeting was scheduled for the following day.

27.     When Plaintiff arrived for the meeting, human resources was not present.

28.     The Principal informed Plaintiff that human resources would not be joining the meeting, and that the Principal would report the details back to human resources.

29.     During the meeting, Plaintiff reported the inappropriate behavior of the Teacher to the Principal.

30.     Plaintiff further informed the Principal that the inappropriate behavior and comments had been occurring for several months.

31.     The Principal immediately defended the Teacher's actions by stating something to the effect that the Principal was not excusing his behavior, but these are just games that the teacher plays with the other teachers; however, Plaintiff is a confident young woman that didn't want that attention from him.

32.     Plaintiff asserted to the Principal that Teacher's conduct was not okay.

33.    The Principal ended the meeting by advising the Plaintiff that they would speak to human resources and then to the Teacher.

34.    A few days after the meeting with the Principal, the Teacher again made inappropriate, sexual comments toward Plaintiff.

35.    The Teacher's continuous inappropriate behavior coupled with the Principal's handling of the situation caused Plaintiff significant stress.

36.    The stress was so overwhelming that Plaintiff was unable to work during the week of spring break.

37.    Upon returning to work the following week, Plaintiff began to experience seizures as a result of the stress.

38.    Before reporting the Teacher's behavior, Plaintiff experienced manageable symptoms such as jerky movements, tingling skin, and coordination issues.

39.    However, after reporting the sexual harassment, the stress exacerbated Plaintiff's symptoms and triggered seizures, which occurred weekly for three (3) consecutive weeks.

40.    Plaintiff eventually went to the hospital due to the increasing frequency of her seizures.

41.    In or around spring 2022, Plaintiff sent a message to the Principal requesting a meeting to discuss her medical condition.

42.    That day, Plaintiff had a phone conference with the Principal and assistant principals, who expressed their understanding of the situation and instructed Plaintiff to stay in touch with human resources.

43.    However, Plaintiff received a letter from Defendant informing her that due to her failure to return from leave, her employment would be terminated on April 21, 2022.

44.    Defendant made this decision despite Plaintiff's consistent updates on her medical condition and the fact that her health issues were directly attributed to the sexual harassment she endured while working for Defendant.

45.    Ms. Goncalves was terminated.

46.    Ms. Goncalves was qualified for her position when she was terminated.

47.    Plaintiff has suffered and continues to suffer damages as a result of Defendant's actions including but not limited to emotional distress, past and future lost wages and benefits, attorney's fees, and the cost of bringing this action.

48.    Plaintiff has retained the services of the undersigned counsel in the vindication of her civil rights and has agreed to pay reasonable fees and cost for such representation.

## Count I
## Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. § 2000e et seq.)

49.    Plaintiff repeats and realleges paragraphs 1- 48 as if fully set forth herein.

50.    Plaintiff was subject to unwelcome sexual harassment of Teacher while employed by Defendant.

51.    The sexual harassment endured by Plaintiff was based on her sex.

52.    The sexual harassment by the Teacher was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment and create a hostile work environment.

53.    Defendant took little or no action to prevent sexual harassment Plaintiff experienced.

54.    Plaintiff has suffered damages as a result of the Defendant's unlawful actions.

55.    Defendant intentionally violated Ms. Goncalves' rights under Title VII, with malice or reckless indifference, and, as a result, she was damaged.

WHEREFORE, Plaintiff, ANA GONCALVES demands judgment against Defendant, CHARTER SCHOOLS USA, INC., as follows:

A.    Accept jurisdiction over this matter;

B.    Enter an order declaring that Defendant violated Plaintiff's civil rights under Title VII and enjoining Defendant from such conduct in the future;

C.    Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D.    Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E.    In lieu of reinstatement, award Plaintiff front pay (including benefits), if applicable;

F.    Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G.    Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.    Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.    Award to Plaintiff, if applicable, punitive damages; and

J.    Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**Count II**
**Retaliation in Violation of Title VII of Civil Rights Act of 1964**
**(42 U.S.C. §§ 2000e et seq.)**

56.    Plaintiff repeats and realleges paragraphs 1- 48 as if fully set forth herein.

57.    Ms. Goncalves complained to the Defendant, through their employees and/or agents, regarding the sexual harassment she endured by Teacher while at work, as explained herein.

58.    Making such report to the Defendant was a statutorily protected activity.

59.    Afterwards, Plaintiff suffered an adverse employment action from Defendant.

60.    Plaintiff would not have suffered the adverse employment action from Defendant but for her reporting the sexual harassment she endured by Teacher while at work, as explained herein, to the Defendant, through their employees and/or agents.

61.    Plaintiff has suffered damages as a result of the Defendant's unlawful retaliatory actions.

62.    Defendant intentionally violated Ms. Goncalves' rights under Title VII, with malice or reckless indifference, and, as a result, she was damaged.

WHEREFORE, Plaintiff, ANA GONCALVES demands judgment against Defendant, CHARTER SCHOOLS USA, INC., as follows:

A.    Accept jurisdiction over this matter;

B.    Enter an order declaring that Defendant violated Plaintiff's civil rights under Title VII and enjoining Defendant from such conduct in the future;

C.    Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D.    Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E.    In lieu of reinstatement, award Plaintiff front pay (including benefits), if applicable;

F.    Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G.    Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.    Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.    Award to Plaintiff, if applicable, punitive damages; and

J.    Grant Plaintiff such additional or alternative relief as the Court

deems just and proper.

## Count III
### Retaliation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C.A §§ 12101 et seq.)

63.    Plaintiff repeats and realleges paragraphs 1- 48 as if fully set forth herein.

64.    Ms. Goncalves engaged in activity protected by the ADA.

65.    After engaging in such protected activity, Plaintiff suffered an adverse employment action from Defendant.

66.    Plaintiff would not have suffered the adverse employment action from Defendant but for her engaging in activity protected under the ADA, as explained herein, to the Defendant, through their employees and/or agents.

67.    Plaintiff has suffered damages as a result of the Defendant's unlawful retaliatory actions.

68.    Defendant intentionally violated Ms. Goncalves' rights under the ADA, with malice or reckless indifference, and, as a result, she was damaged.

WHEREFORE, Plaintiff, ANA GONCALVES demands judgment against Defendant, CHARTER SCHOOLS USA, INC., as follows:

A.    Accept jurisdiction over this matter;

B.    Enter an order declaring that Defendant violated Plaintiff's rights

under the Americans with Disabilities Act and enjoining Defendant from such conduct in the future;

C.      Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D.      Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E.      In lieu of reinstatement, award Plaintiff front pay (including benefits), if applicable;

F.      Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G.      Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.      Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.      Award to Plaintiff, if applicable, punitive damages; and

J.      Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## Count IV
## Discrimination in Violation of Florida Civil Rights Act
## § 760.10, Fla. Stat.

69.    Plaintiff repeats and realleges paragraphs 1- 48 as if fully set forth herein.

70.    Plaintiff was subjected to sexual harassment and discrimination by the Defendant on the basis of her sex and disability.

71.    At all times material hereto, Ms. Goncalves engaged in activity protected by the Florida Civil Rights Act (hereinafter "FCRA").

72.    After engaging in such protected activity, Plaintiff suffered an adverse employment action from Defendant.

73.    The aforementioned intentional discriminatory acts of Defendant, through their employees and/or agents, were performed with malice or with reckless indifference to the Plaintiff's protected civil rights.

74.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Ms. Goncalves is entitled to legal and injunctive relief.

75.    Pursuant to § 760.11(5), Fla. Stat., Plaintiff seeks punitive damages, if applicable.

76.    Pursuant to § 760.11(5), Fla. Stat., Plaintiff is entitled to recover reasonable attorney's fees as part of his recovery.

WHEREFORE, Plaintiff, ANA GONCALVES demands judgment against Defendant, CHARTER SCHOOLS USA, INC., as follows:

A.  Accept jurisdiction over this matter;

B.  Enter an order declaring that Defendant violated Plaintiff's civil rights under the FCRA and enjoining Defendant from such conduct in the future;

C.  Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D.  Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E.  In lieu of reinstatement, award Plaintiff front pay (including benefits);

F.  Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G.  Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.    Award to Plaintiff, if applicable, punitive damages; and

J.    Grant Plaintiff such additional or alternative relief as the Court

deems just and proper.

## Count V
### Retaliation in Violation of the Florida Civil Rights Act
### § 760.10, Fla. Stat.

77.    Plaintiff repeats and realleges paragraphs 1- 48 as if fully set forth herein.

78.    At all times material hereto, Ms. Goncalves engaged in activity protected by the FCRA.

79.    After activity protected under the FCRA, Plaintiff suffered an adverse employment action from Defendant.

80.    Plaintiff would not have suffered the adverse employment action from Defendant but for her engaging in activity protected under the FCRA, as explained herein, to the Defendant, through their employees and/or agents.

81.    Plaintiff has suffered damages as a result of the Defendant's unlawful retaliatory actions.

82.    Pursuant to § 760.11(5), Fla. Stat., Ms. Goncalves seeks punitive damages, if applicable.

83.    Pursuant to § 760.11(5), Fla. Stat., Mr. Goncalves is entitled to recover reasonable attorney's fees as part of her costs.

WHEREFORE, Plaintiff, ANA GONCALVES demands judgment against Defendant, CHARTER SCHOOLS USA, INC., as follows:

A.    Accept jurisdiction over this matter;

B.    Enter an order declaring that Defendant violated Plaintiff's civil rights under the FCRA and enjoining Defendant from such conduct in the future;

C.    Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D.    Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E.    In lieu of reinstatement, award Plaintiff front pay (including benefits);

F.    Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G.    Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.    Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.     Award to Plaintiff, if applicable, punitive damages; and

J.     Grant Plaintiff such additional or alternative relief as the Court

deems just and proper.

**In the alternative to counts I through V**
**Count VI**
**Negligence**

84.    Plaintiff repeats and realleges paragraphs 1- 48 as if fully set forth herein.

85.    At all times material hereto, the Defendant had a duty to provide and maintain a safe and respectful work environment free of discrimination and harassment for all its employees.

86.    At all times material hereto, the Defendant, through their employees and/or agents, breached its duties, including but not limited to:

a.     failing to maintain a safe work environment for Plaintiff;

b.     failing to maintain a respectful work environment for Plaintiff;

c.     failing to provide a work environment free of sexual harassment for Plaintiff;

d.     failing to appropriately address Plaintiff's complaints of sexual harassment; and

e.     failing to provide a work environment free of retaliation.

87.    As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered damages.

WHEREFORE, Plaintiff, ANA GONCALVES demands judgment against Defendant, CHARTER SCHOOLS USA, INC., as follows:

A.    Award Plaintiff damages;

B.    Award Plaintiff prejudgment interest on all monetary recovery obtained;

C.    Award Plaintiff all costs incurred in connection with this action; and

D.    Grant Plaintiff such additional, other, and further relief as the Court deems just and proper.

## COUNT VII
## Negligent Retention

88.    Plaintiff realleges and adopts all of the allegations in paragraphs 1 through 48 hereof, as if fully set forth herein.

89.    Defendant became aware, or should have become aware, of problems with an employee that indicated his unfitness.

90.    Defendant owed a duty to Ms. Goncalves to take steps to prevent and/or protect her from predictable injury or damage of while she was an employee.

91.    The Defendant breached their duty to Ms. Goncalves by failing to take further actions, such as investigation, discharge, or reassignment against its unfit employee.

92.    Defendant's breach was the proximate cause of injury or damage to Plaintiff.

93.    Plaintiff suffered damages as a result of the breach.

**WHEREFORE**, Plaintiff, ANA GONCALVES demands judgment against Defendant, CHARTER SCHOOLS USA, INC., as follows:

A.   Award Plaintiff damages for medical expenses, emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

B.   Award Plaintiff prejudgment interest on all monetary recovery obtained;

C.   Award Plaintiff all costs incurred in connection with this action; and

D.   Grant Plaintiff such additional, other, and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 9th day of September 2024.        **Light Path Law, P.A.**
*Counsel for Plaintiff*
2069 First Street, Suite 100
Fort Myers, FL 33901

Phone: (239) 689-8481
Fax: (239) 294-3930
kscott@lightpathlaw.com
lcompton@lightpathlaw.com
msanon@lightpathlaw.com
jjordan@lightpathlaw.com

By: */s/ Lindsay A. Compton*
    Kristie A. Scott, *Lead Counsel*
    Florida Bar No. 108111
    Lindsay Compton
    Florida Bar No. 1032739