UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANA GONCALVES,

    Plaintiff,

v.                                             Case No.: 2:24-cv-00712-JLB-NPM

CHARTER SCHOOLS USA at GATEWAY, L.C.,

    Defendant.
_____/

**ORDER**

Before the Court is the Motion to Dismiss filed by defendant Charter Schools USA at Gateway, L.C. (Doc. 28). Plaintiff Ana Goncalves timely filed a response. (Doc. 29). As set forth below, the Court finds that the motion to dismiss is **GRANTED in part and DENIED in part**.

**BACKGROUND**[1]

This is an employment discrimination case. Ana Goncalves ("Plaintiff" or "Ms. Goncalves") was employed by Gateway Charter High School in Fort Myers, Florida, from approximately September 2021 to April 2022. (Doc. 27 at ¶ 12).

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Second Amended Complaint. (*See* Doc. 27).

Gateway Charter High School is owned and operated by Defendant Charter Schools USA at Gateway, L.C. ("Defendant" or "Charter Schools"). (*Id.* at ¶ 13).

Ms. Goncalves was initially hired as a substitute teacher, but after a week of employment, she was asked to take on a permanent role as an instructional aide. (*Id.* at ¶¶ 14–15). As an instructional aide, Ms. Goncalves was required to attend weekly meetings with other teachers and participate in after-school activities. (*Id.* at ¶ 17). She frequently encountered a male teacher ("Teacher") at these meetings. (*Id.* at ¶ 18). Teacher repeatedly directed uncomfortable behavior and comments toward his colleagues. (*Id.* at 20). For example, on one occasion, Ms. Goncalves overheard Teacher tell another employee, "Your butt looks good in those pants." (*Id.* at ¶ 21). Eventually, Teacher began directing inappropriate, sexually suggestive comments toward Ms. Goncalves. (Doc. 27 at ¶ 22). Ms. Goncalves was subjected to these daily comments, making her uncomfortable and anxious. (*Id.* at ¶¶ 23–24).

In or around March 2022, Ms. Goncalves requested a meeting with the school principal ("Principal") and the human resources department. (*Id.* at ¶ 25). A meeting was scheduled for the following day. (*Id.* at ¶ 26). When Ms. Goncalves arrived at the meeting, the Principal was present, but human resources was not. (*Id.* at ¶¶ 27–28). The Principal informed Ms. Goncalves that the details of their meeting would be reported to human resources. (Doc. 27 at ¶ 28). Ms. Goncalves proceeded to tell the Principal about Teacher's inappropriate behavior, which had been occurring for several months. (*Id.* at ¶¶ 29–30). The Principal defended

Teacher and explained that, while Principal was not excusing Teacher's behavior, Teacher's comments were just games that he plays with the other teachers. (*Id.* at ¶ 31). Ms. Goncalves reiterated that Teacher's behavior was not okay, and the Principal assured her that they would speak to human resources and then to Teacher. (*Id.* at ¶¶ 32–33).

A few days after Ms. Goncalves met with the Principal, Teacher made additional sexual comments to her. (*Id.* at ¶ 34). Teacher's continued inappropriate behavior, coupled with the Principal's response to the situation, caused Ms. Goncalves severe stress. (*Id.* at ¶ 35). Before reporting Teacher's behavior, Ms. Goncalves had suffered symptoms such as jerky movements, tingling skin, and coordination issues. (Doc. 27 at ¶ 38). But after reporting the harassment, Ms. Goncalves suffered stress that rendered her unable to work for a week, and when she returned to work the following week, she began to suffer stress-induced seizures. (*Id.* at ¶¶ 36–37). These seizures occurred weekly for three consecutive weeks, and Ms. Goncalves eventually went to the hospital due to their increasing frequency. (*Id.* at ¶¶ 39–40).

Around this time, Ms. Goncalves requested a meeting with the Principal to discuss her medical condition. (*Id.* at ¶ 41). Ms. Goncalves met with the Principal and the school's assistant principals that day via a telephone conference. (*Id.* at ¶ 42). The Principal and assistant principals expressed understanding of the situation and instructed Ms. Goncalves to stay in touch with human resources. (*Id.*). Despite this, Ms. Goncalves later received a letter from Defendant informing

her that her employment would be terminated on April 21, 2022, due to her failure to return from leave. (*Id.* at ¶ 43).

Ms. Goncalves provided consistent updates regarding her medical condition, but she was eventually terminated from her position with the school. (Doc. 27 at ¶¶ 44–45). At the time of her termination, Ms. Goncalves was qualified for and had a record of exceptional performance in her roles.[2] (*Id.* at ¶¶ 16, 46).

Ms. Goncalves filed a Complaint in this Court on August 8, 2024, against two entities: Charter Schools USA, Inc., and Southwest Charter Foundation. (Doc. 1). Ms. Goncalves amended her complaint on September 9, 2024, and dropped defendant Southwest Charter Foundation from the lawsuit. (Doc. 17). Afterward, defendant Charter Schools USA, Inc. informed Ms. Goncalves that it was misnamed in the First Amended Complaint (Doc. 17). (Doc. 24 at ¶ 5). The Court granted Ms. Goncalves leave to file a second amended complaint to correct the defendant's name. (Doc. 26). Ms. Goncalves filed her Second Amended Complaint on October 25, 2024. (Doc. 27).

In her Second Amended Complaint (Doc. 27), Ms. Goncalves brought claims for sexual harassment in violation of Title VII of the Civil Rights Act (Count I), retaliation in violation of Title VII of the Civil Rights Act (Count II), retaliation in violation of the Americans with Disabilities Act (Count III), discrimination in violation of the Florida Civil Rights Act (Count IV), retaliation in violation of the

---

[2] Due to her exceptional performance, Ms. Goncalves received two raises within a short period of time. (Doc. 27 at ¶ 16).

4

Florida Civil Rights Act (Count V), negligence (Count VI), and negligent retention (Count VII). On November 6, 2024, Defendant Charter Schools moved to dismiss Ms. Goncalves's retaliation claims (Counts II, III, and V) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

When evaluating whether dismissal is proper, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Charter Schools argues that Ms. Goncalves's retaliation claims (Counts II, III, and V) should be dismissed under Rule 12(b)(6) because Ms. Goncalves failed to

exhaust administrative remedies. (*See generally* Doc. 28). Specifically, Charter Schools argues that Ms. Goncalves failed to check the box for "retaliation" in the charge she dual-filed with the Florida Commission on Human Relations and the United States Equal Employment Opportunity Commission ("EEOC"), and that she failed to include any such allegations in the particulars of her charge. (*Id.* at 4–10). In the alternative, Charter Schools argues that Ms. Goncalves's retaliation claim under the Americans with Disabilities Act ("ADA") (Count III) should be dismissed under Rule 12(b)(6) because Ms. Goncalves fails to adequately plead that she engaged in any protected activity. (*Id.* at 10–12).

## I. Whether Counts II, III, and V should be dismissed for failure to exhaust administrative remedies

Charter Schools argues that dismissal of Counts II, III, and V of the Second Amended Complaint (Doc. 27) is proper because these counts—which are all based on retaliation—exceed the scope of Ms. Goncalves's EEOC charge. (*See generally* Doc. 28). Ms. Goncalves did not attach her EEOC charge to her Second Amended Complaint.[3] (*See* Doc. 27). However, Charter Schools attached what it purports to be Ms. Goncalves's EEOC Charge to its Motion to Dismiss (Doc. 28). (*See* Doc. 28-1).[4]

---

[3] Instead, Ms. Goncalves states in her Second Amended Complaint that she "timely filed a Complaint of sexual harassment, disability discrimination, and retaliation with the [EEOC]." (Doc. 27 at ¶ 3).

[4] Charter Schools also attached a second EEOC charge to its Motion to Dismiss (Doc. 28-2), which it alleges Ms. Goncalves sent as an attachment to a demand letter at an earlier date. (*See* Doc. 28 at 3).

6

Charter Schools is correct that, to bring a claim for retaliation under Title VII, the ADA, or the Florida Civil Rights Act ("FCRA"), a plaintiff must first exhaust her administrative remedies by timely filing a discrimination charge with the EEOC. *See Gregory v. Ga. Dept. of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) ("Prior to filing a Title VII action . . . a plaintiff first must file a charge of discrimination with the EEOC."); *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) ("An employee making a discrimination claim under the ADA must first exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC."); *McCullough v. Nesco Res. LLC*, 760 F. App'x 642, 646 (11th Cir. 2019) ("Before a plaintiff may bring an FCRA civil action, he must exhaust his administrative remedies, as set forth in Fla. Stat. § 760.11.") (citing *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1205 (11th Cir. 2007)).  Charter Schools is also correct that "[t]he starting point for determining the permissible scope of the judicial complaint is the EEOC charge and investigation."  *Evans v. U.S. Pipe and Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983).  Claims are limited to those which are "like or related to allegations contained in the [EEOC] charge" and "can reasonably be expected to grow out of" the Commission's investigation.  *Sanchez v. Standard Brands*, 431 F.2d 455, 456 (5th Cir. 1970) (internal citations omitted).

Ms. Goncalves summarily stated in her Second Amended Complaint that she "timely filed a Complaint of sexual harassment, disability discrimination, and retaliation with the [EEOC]."  (Doc. 27 at ¶ 3).  While this may be sufficient to "generally allege in [her] complaint that all conditions precedent to the institution

7

of the lawsuit have been fulfilled," the Eleventh Circuit has established a burden-shifting framework for instances in which a defendant doubts that preconditions to suit have been satisfied. *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (internal citations omitted). If a defendant asserts 'specifically and with particularity'" that the preconditions were not met, "[t]he plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied." *Id.* (citing *EEOC v. Klingler Electric Corp.*, 636 F.2d 104, 106 (5th Cir. 1981)).

Charter Schools denied specifically and with particularity that Ms. Goncalves' retaliation claims (Counts II, III, and V) are within the scope of her EEOC charge. (*See generally* Doc. 28). Charter Schools' Motion to Dismiss (Doc. 28) describes the allegations in Ms. Goncalves's EEOC charge and argues that the charge is insufficient because (1) Ms. Goncalves did not check the box for retaliation when completing her charge and (2) Ms. Goncalves did not include any specific facts supporting retaliation in her charge. (Doc. 28 at 4–10). Thus, the burden shifts to Ms. Goncalves to "prov[e] that the conditions precedent, which [Charter Schools] has specifically joined in issue, have been satisfied." *Jackson*, 678 F.2d at 1010 (citing *Klingler Electric Corp.*, 636 F.2d at 106).

As previously noted, Ms. Goncalves failed to attach her EEOC charge to her Second Amended Complaint. (*See generally* Doc. 27). Charter Schools attached two EEOC charges to its Motion to Dismiss. (*See generally* Doc. 28). The first attachment (Doc. 28-1), hereafter referred to as "Exhibit A," is what Charter

8

Schools purports to be Ms. Goncalves's EEOC charge. (*See* Doc. 28 at 2). Charter Schools alleges that the second attachment (Doc. 28-2), hereafter referred to as "Exhibit B," came from a demand letter sent by Ms. Goncalves on June 13, 2024. (*See* Doc. 28 at 2–3). According to Charter Schools, in this demand letter, Ms. Goncalves purported that Exhibit B was a copy of the charge she filed with the EEOC. (*Id.*). Ms. Goncalves appears to maintain that Exhibit B is a copy of the charge she filed with the EEOC, as she repeatedly and solely cites to Exhibit B in her Response in Opposition to Charter Schools' Motion to Dismiss (Doc. 29).[5] (*See generally* Doc. 29 (citing Doc. 21-2)).

There are notable differences between Exhibit A and Exhibit B. (*Compare* Doc. 28-1 *with* Doc. 28-2). Exhibit A's box for retaliation is not checked, but it includes a charge number[6] and a stamp in its top-right corner that reads "EEOC Miami District Office Received 08/05/2022." (Doc. 28-1 at 1–2). Exhibit B's box for retaliation is checked, though the "X" marking the box for retaliation is suspiciously different from the "X"'s marking the boxes for "sex" and "disability." (Doc. 28-2 at 1). Additionally, Exhibit B is noticeably missing a charge number and a stamp in its top-right corner indicating that an EEOC office received it on a specified date. (*Id.* at 1–2). Exhibits A and B otherwise appear to be carbon copies of one another, down to detailed strokes of the signatures at the bottom of the charges and the exact placement of the notary stamp in the exhibits' bottom-right corners. (*See*

---

[5] Ms. Goncalves cites to Doc. 21-2, which is identical to Exhibit B as defined in this Order.
[6] The charge number displayed in Exhibit A is 510-2022-07395. (Doc. 28-1 at 1–2).

Docs. 28-1, 28-2). The Court is disturbed by the discrepancies between Exhibits A and B and by the fact that the parties in this case seem to have opposing representations of which EEOC charge is authentic. Charter Schools repeatedly cites to Exhibit A as the purportedly authentic EEOC charge, while Ms. Goncalves repeatedly cites to Exhibit B as the purportedly authentic EEOC charge. (*See generally* Docs. 28, 29).

Ordinarily, when evaluating a motion to dismiss, a court can only look at the information contained within the four corners of the complaint and its attachments. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). However, the Eleventh Circuit's Rule 12(b)(6) decisions "have adopted the 'incorporation by reference' doctrine, under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In this context, the word "'[u]ndisputed' . . . means that the authenticity of the document is not challenged." *Id.*

Clearly, the authenticity of Exhibits A and B is challenged. Charter Schools purports that Exhibit A is the charge Ms. Goncalves actually filed with the EEOC, while Ms. Goncalves seems to purport that Exhibit B is the charge she actually filed

10

with the EEOC.  (*See generally* Docs. 28, 29).  Accordingly, Exhibits A and B are disputed and cannot be incorporated by reference for purposes of this Motion to Dismiss.  *See Horsley*, 304 F.3d at 1134 (citing *Harris*, 182 F.3d at 802 n.2).

Because Exhibits A and B cannot be incorporated by reference, Ms. Goncalves must "prov[e] that the conditions precedent" to her suit, "which [Charter Schools] has specifically joined in issue, have been satisfied" through her Complaint (Doc. 27) and Response in Opposition (Doc. 29) alone.  *Jackson*, 678 F.2d at 1010 (citing *Klingler Electric Corp.*, 636 F.2d at 106).  Ms. Goncalves failed to attach her EEOC charge to either filing and thus failed to meet this burden.  Accordingly, Charter Schools' Motion to Dismiss (Doc. 28) is due to be **GRANTED in part and DENIED in part**.  Counts II, III, and V of the Second Amended Complaint (Doc. 27) are **DISMISSED without prejudice**.

That said, the Court will provide Ms. Goncalves with leave to file a Third Amended Complaint within fourteen (14) days of this Order.  Ms. Goncalves is directed to attach to any amended complaint she submits both her EEOC Notice of Right to Sue letter and the *authentic* EEOC charge of discrimination.  *See Armstrong v. Florida Dep't of Health*, 2022 WL 4229361, at *4 (M.D. Fla. July 12, 2022), *report and recommendation adopted*, 2022 WL 3026029 (M.D. Fla. Aug. 1, 2022).  Failure to comply with this directive may result in the dismissal of these claims without further notice.  The Court is mindful of litigation expenses and has not provided such leave without careful consideration.  That said, the Court places

Ms. Goncalves on notice that, absent the Court's finding of extraordinary circumstances, it will not grant any further amendment to the complaint.

## CONCLUSION

For the reasons set forth above, it is **ORDERED** that:

(1) Charter Schools' Motion to Dismiss Counts II, III, and V of the Second Amended Complaint (Doc. 28) is **GRANTED in part and DENIED in part**.

(2) Counts II, III, and V of the Second Amended Complaint (Doc. 27) are **DISMISSED without prejudice**.

(3) Ms. Goncalves may have leave to file a Third Amended Complaint if she does so within fourteen (14) days of this Order. Ms. Goncalves is **DIRECTED** to attach to any amended complaint she submits both her EEOC Notice of Right to Sue letter and the *authentic* EEOC charge of discrimination. Failure to comply with this directive may result in the dismissal of these claims without further notice.

**DONE AND ORDERED** in Fort Myers, Florida, on June 6, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE