UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANA GONCALVES,

        Plaintiff,

    v.                                           Case No. 2:24-cv-712-KCD-NPM

CHARTER SCHOOLS USA AT
GATEWAY, L.C.,

        Defendant.

_____/

## <u>ORDER</u>

In this employment discrimination case, Defendant Charter Schools USA at Gateway, L.C., asks the Court to exercise its inherent power to sanction Plaintiff Ana Goncalves and her counsel for fabricating a charge of discrimination and relying on it to falsely represent that Goncalves had exhausted her administrative remedies. (Doc. 37.)[1] Goncalves has responded in opposition. (Doc. 38.) Because Defendant has not proven that sanctions are appropriate, the motion is denied.

"[C]ourts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). "This includes the power to fashion an appropriate sanction

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

for conduct which abuses the judicial process." *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018).

But this authority is not without limits. The Supreme Court has cautioned it "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Before issuing any sanction under its inherent authority, "[the court] must make a finding that the sanctioned party acted with subjective bad faith." *Hernandez*, 898 F.3d at 1306. "This standard can be met either (1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct so egregious that it could only be committed in bad faith." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).[2]

The circumstances here do not show bad faith. Defendant claims that Goncalves submitted an altered EEOC Charge of Discrimination to fabricate jurisdiction over a retaliation claim that she never raised with the EEOC, and in doing so committed deliberate fraud on the Court. (Doc. 37 at 5.) But Goncalves provides a fuller picture of the situation in her response. (Doc. 38.) The inclusion of a Charge of Discrimination with a checked "retaliation" box, attached to her demand letter, was the result of an error by a former employee

---

[2] Many circuits require clear and convincing evidence of subjective bad faith. *See, e.g.*, *Xyngular v. Schenkel*, 890 F.3d 868, 873-74 (10th Cir. 2018); *Maynard v. Nygren*, 372 F.3d 890, 891 (7th Cir. 2004); *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). There appears to be no binding precedent in the Eleventh Circuit on the correct standard. *See In re: Little Rest Twelve, Inc.*, 662 F. App'x 887, 889 (11th Cir. 2016). The Court need not resolve this issue here because Defendant has not met its burden even under a lesser standard.

of Goncalves' counsel, not an intentional act of fabrication. The language in the second Charge of Discrimination was identical to the original, except for the checked "retaliation" box, and it lacked the EEOC stamps, indicating it was not the version submitted to the EEOC. Goncalves supports these assertions in an affidavit from her counsel. (Doc. 38-1.) Such circumstances do not show subjective bad faith to warrant sanctions. *See, e.g.*, *Gulf Atl. Constructors, Inc. v. Webb, LLC*, No. 3:23CV24674/TKW/ZCB, 2025 WL 2556256, at *4 (N.D. Fla. Aug. 14, 2025) ("[N]egligence is a far cry from bad faith and making a mistake is a far cry from perpetrating a fraud.").

For these reasons, the Motion for Sanctions (Doc. 37) is **DENIED**.

**ORDERED** in Fort Myers, Florida on November 4, 2025.

Kyle C. Dudek
United States District Judge